IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AUDREY KALAI, ) | CIVIL NO. 06-00433 JMS/LEK |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT'S |
| ) | MOTION FOR SUMMARY |
| vs. ) | JUDGMENT |
| ) | |
| STATE OF HAWAII, DEPARTMENT ) | |
| OF HUMAN SERVICES HAWAII ) | |
| PUBLIC HOUSING AUTHORITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff Audrey Kalai ("Plaintiff") sued Defendant State of Hawaii, Department of Human Services Hawaii Public Housing Authority ("Defendant" or "HPHA") for violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, alleging that she was not properly accommodated while residing in public housing, and as a result was injured. On June 30, 2008, Defendant filed a Motion for Summary Judgment on the grounds that Plaintiff's claim for damages is barred by the Eleventh Amendment, and that Plaintiff's claims for injunctive relief are moot. Based on the following, the court GRANTS Defendant's Motion for Summary Judgment.

## II.  BACKGROUND

In May 2005, Plaintiff along with her daughter and minor grandson applied for public housing at HPHA, and were approved for a three-bedroom unit. Plaintiff moved into unit 15B at Lanakila Homes II, Project 1013, on September 15, 2005.  Unit 15B was not a handicap accessible unit.  On September 19, 2005, Plaintiff complained to HPHA that unit 15B was dirty, and requested a transfer to unit 27C in Lanakila Homes IV.  HPHA approved the transfer.

Prior to Plaintiff's move to unit 27C on September 30, 2005, HPHA received Plaintiff's "Certification of Need for Special Reasonable Accommodation of Special Unit," requesting wheelchair access, handle bars in the bathroom, and an accessible parking stall for unit 27C.  On October 11, 2005, HPHA's Compliance Office approved wheelchair access from the unit to the parking stall and grab bars in both bathrooms.  HPHA's Construction Management Section then determined that it could not install a handicapped parking stall at Building 27 because of its location and steep slope.  As a result, Plaintiff was given the option of moving to a different unit. In January 2006, HPHA offered Plaintiff unit 5D, a one bedroom unit that was wheelchair accessible and had grab bars, but Plaintiff rejected the unit.  HPHA offered her another accessible unit with grab bars and handicapped parking on February 8, 2006, but Plaintiff rejected the unit, 2D in

Lanakila Homes I, as well.  On March 23, 2006, HPHA offered Plaintiff a studio unit, 925A, which was not accessible but had some grab bars already installed. Plaintiff responded that she preferred unit 935A, a one bedroom, and her request was approved by HPHA on April 17, 2006.  Plaintiff withdrew her request to move to unit 935A, however, in May 2006, when Plaintiff's daughter and grandson decided to remain in 27C.

Throughout this time, HPHA did not install grab bars in the bathrooms in unit 27C.  On May 28, 2006, Plaintiff fell in the bathroom of unit 27C, and suffered injuries, which she claims have had lasting adverse effects.  On June 24, 2006, Plaintiff moved into unit 935A, with grab bars fully installed. Plaintiff subsequently moved out of public housing in July 2008.

Plaintiff filed her Complaint against the HPHA on August 6, 2006, alleging that HPHA violated the FHA, § 3601 *et seq.*, and was negligent in failing to install grab bars in her unit.  The Complaint alleges that the HPHA violated the FHA, 42 U.S.C. § 3604(f)(3)(A), by refusing Plaintiff permission to install grab bars that she had purchased, and violated § 3604(f)(3)(B) by failing to modify its policies regarding post-construction alterations to its buildings to provide the requested accommodations.  Compl. ¶¶ 22, 24.  Plaintiff seeks compensatory and punitive damages, and an injunction ordering the remediation of the building as

necessary for Defendant's compliance with the FHA.

Defendant's Motion for Summary Judgment filed on June 30, 2008 argues that Plaintiff's claims for damages are barred by the State's sovereign immunity, and that her request for injunctive relief is moot because Plaintiff no longer resides in public housing.  Plaintiff filed an Opposition on July 10, 2008, and Defendant filed a Reply on July 18, 2008.  The court held a hearing on July 29, 2008.

### III.  STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The burden initially lies with the moving party to show that there is no genuine issue of material fact.  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  Nevertheless, "summary judgment is mandated if the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"  *Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). An issue is material if the resolution of the factual dispute affects the outcome of the claim or defense under substantive law governing the case. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

## IV. <u>ANALYSIS</u>

The court first addresses Plaintiff's claims for damages, then Plaintiff's claims for injunctive relief, and finally, Plaintiff's state law negligence claim.

### A.     The Eleventh Amendment Bars Plaintiff's Claims for Damages

Plaintiff seeks compensatory and punitive damages from the Defendant state agency. Under the Eleventh Amendment, states cannot be sued in federal court, whether by their own citizens or citizens of another state. *Papasan v. Allain*, 478 U.S. 265, 275, (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Eleventh Amendment also bars federal court actions against state agencies or instrumentalities. *Shaw v. State of Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986). States, state agencies, and state officials may,

however, be held to answer in federal court where Congress expressly abrogates state sovereign immunity with respect to a particular federal cause of action. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Congress may abrogate Eleventh Amendment immunity in certain circumstances).

To determine whether Congress has abrogated the State's sovereign immunity, the court "must resolve two predicate questions: first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority." *Tennessee v. Lane*, 541 U.S. 509, 517 (2004) (citation and quotation signals omitted). As to the first enquiry, the parties agree that FHA contains no clear congressional statement unequivocally expressing an intent to abrogate states' sovereign immunity. *See also Kuchmas v. Towson Univ.*, 2007 WL 2694186, at *9 (D. Md. Sept. 10, 2007) ("In light of the absence of clear congressional intent in the text of the FHA to abrogate states' immunity and the Supreme Court's admonishment that courts not 'run afoul of the unequivocal-expression requirement,' *United States v. Nordic Villages*, 503 U.S. 30, 38 (1992), the Court holds that the Eleventh Amendment bars private suits against Towson University under the Fair Housing Act."); *Delkhah v. Moore*, 2006 WL 1320255, at *4 (D. Kan. May 15, 2006), *aff'd*, 240 Fed. Appx. 768 (10th Cir. 2007) ("In passing the

Fair Housing Act and Section 1983, Congress did not intend to abrogate the immunity of states under the Eleventh Amendment.").

Plaintiff, however, contends that the FHA must be read together with Title V of the Rehabilitation Act, 29 U.S.C. § 790 *et seq.*, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  According to Plaintiff, reading these statutes *in pari materia* demonstrates a congressional intent to abrogate states' Eleventh Amendment sovereign immunity under the FHA.  The court disagrees.

Although *Lane*, 541 U.S. at 530-31, found that Congress had validly abrogated sovereign immunity under Title II of the ADA, the case involved the narrow issue of access to courts, and its limited holding does not implicate the FHA.  Further, there is no support for extending *Lane*'s limited holding in the ADA context to the FHA, where the FHA itself contains no clear congressional intent to abrogate sovereign immunity.  *See Alaska v. EEOC*, 508 F.3d 476, 480 (9th Cir. 2007) ("What matters is the effect on Eleventh Amendment immunity that a particular provision has, not whether it amends or is part of another piece of legislation.").  Title II of the ADA and the FHA cannot be construed in the tenuous manner suggested by Plaintiff in order to extend *Lanes*'s holding beyond the limited circumstances of that case.  Further, the extrapolation advanced by

Plaintiff would not be necessary if Congress unequivocally intended to abrogate the states' sovereign immunity. *See Gregory v. S.C. Dep't of Transp.*, 289 F. Supp. 2d 721, 725 (D.S.C. 2003) (holding that although the FHA may allow the federal government to sue for damages for an aggrieved party, an individual may not sue a state agency under the FHA, and that Plaintiff's arguments to the contrary "would not be necessary if Congress unequivocally intended to abrogate the states' sovereign immunity, as evinced by Congress's boldness of language in other instances")

Because the court concludes that the FHA does not abrogate the states' sovereign immunity, Plaintiff's FHA claims seeking damages against Defendant are barred by the Eleventh Amendment. The court GRANTS Defendant's Motion for Summary Judgment as to Plaintiff's claims for damages.

**B.     Claims for Injunctive Relief Are Moot**

Plaintiff acknowledged at the July 29, 2008 hearing that her claims for injunctive relief are moot because she no longer resides in public housing. "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

Because Plaintiff no longer resides in public housing, there is no longer a live issue upon which the court could issue prospective relief. *See id.* at 901. The court GRANTS Defendant summary judgment on Plaintiff's claims for injunctive relief.

### C.     State Law Negligence Claim

In its discretion, a district court may decline to exercise supplemental jurisdiction over state law claims when all remaining federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). Because there are no remaining federal claims, the court declines to retain supplemental jurisdiction over Plaintiff's state law negligence claim.

## V.     CONCLUSION

Based on the foregoing, the court GRANTS Defendant's Motion for Summary Judgment on all claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 19, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kalai v. State of Hawaii*, Civ. No. 06-00433 JMS/LEK, Order Granting Defendant's Motion for Summary Judgment